**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERICK A. PALOMEQUE, | No.   15-70373 |
| Petitioner, | Agency No. A072-231-945 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2016**

Before:    HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Erick A. Palomeque, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252; *Alphonsus v. Holder*, 705 F.3d 1031, 1036-37 (9th Cir. 2013). We review for substantial evidence the agency's factual findings, *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010), and we deny the petition for review.

Palomeque raises no challenge to the agency's conclusion that he is ineligible for asylum. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996). Thus, we deny the petition for review as to Palomeque's asylum claim.

Substantial evidence supports the BIA's conclusion that Palomeque failed to establish past persecution or a fear of future persecution on account of an enumerated ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Thus, Palomeque's withholding of removal claim fails.

Finally, substantial evidence also supports the agency's denial of CAT relief because Palomeque failed to show it is more likely than not that he would be tortured by the government of El Salvador, or with its consent or acquiescence. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). We reject Palomeque's contention that the BIA's review was deficient. Thus, Palomeque's

CAT claim fails.

Finally, Palomeque's request for a stay of removal is denied as unnecessary because on July 29, 2015, the court granted his motion for a stay of removal pending review.

**PETITION FOR REVIEW DENIED**.